IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| LEIGH ANN ADAMS, § § § Plaintiff, § § v. § § MARTIN O'MALLEY, § COMMISSIONER OF THE SOCIAL § SECURITY ADMINISTRATION, § § Defendant. § | Case No. 6:24-cv-264-JDK |

### ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Leigh Ann Adams brings this civil suit pursuant to the Social Security Act, Section 205(g), for judicial review of the Commissioner's denial of her application for Social Security benefits. The case was referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation recommending affirming the Commissioner's decision and dismissing the case with prejudice. Docket No. 10. Plaintiff filed objections to the Report (Docket No. 11), and the Commissioner filed a response (Docket No. 12).

Where a party timely objects to the Report, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Plaintiff first objects to the Magistrate Judge's finding that she was adequately informed of her right to representation. Docket No. 11 at 1–4. Plaintiff rehashes most of her argument regarding why she believes she was not adequately informed of her right to counsel. Plaintiff does not dispute that she had received written notice of the scope of this right but rather takes issue with the ALJ's "reminder" at her September 21, 2023 hearing. But this argument fails to properly distinguish the Fifth Circuit's decision in *Castillo v. Barnhart*, 325 F.3d 550, 552–53 (5th Cir. 2003).

In *Castillo*, the Fifth Circuit held that "the numerous written notices [the plaintiff] received—along with the ALJ's reminder to [the plaintiff] at the hearing of her right to counsel—sufficiently informed her of her right to an attorney, and that she validly consented to proceed without representation." *Id*. Plaintiff distinguishes the case by pointing out that only one written notice was received and the verbal reminder from the ALJ was insufficient. But this argument on the facts does not adequately distinguish the case from *Castillo* because notice of the scope and right to representation was indisputably provided. Indeed, the Northern District of Texas came to the same conclusion, finding that oral notice that the plaintiff "could retain an attorney through a contingency fee arrangement or that free legal services could be available," in addition to written notice and the "ALJ's discussion of the issue at the hearing," adequately informed the Plaintiff of her rights. *Shelton v. Astrue*, 2008 WL 4809436, at *5 (N.D. Tex. Nov. 3, 2008) (internal citations omitted).

Plaintiff next objects to the Magistrate Judge's finding that the RFC is supported by substantial evidence. Docket No. 11 at 5–7. Again, Plaintiff relies on

the same argument fully considered by the Magistrate Judge in distinguishing *Ripley v. Chater,* 67 F.3d 552, 557 (5th Cir. 1995). Plaintiff's argument that the absence of medical expert evidence necessarily results in the ALJ formulating his own medical opinion remains unavailing. *See Taylor v. Astrue*, 706 F.3d 600, 602–03 (5th Cir. 2012) ("[T]he determination of residual functional capacity is the sole responsibility of the ALJ. What [the plaintiff] characterizes as the ALJ substituting his opinion is actually the ALJ properly interpreting the medical evidence to determine his capacity for work."); *see also Joseph-Jack v. Barnhart*, 80 F. App'x 317, 318 (5th Cir. 2003) (rejecting the plaintiff's argument "because the record was devoid of a residual function capacity (RFC) assessment by a medical source, the ALJ was not competent to assess her RFC. It is the ALJ's responsibility to determine a claimant's RFC, and such an assessment is not a medical opinion."). As such, the Court finds this objection without merit. The record reflects that the ALJ's RFC is supported by substantial evidence, as discussed in the Report, and that the ALJ did not err in including mental limitations where he relied on medical evidence in the record to support those limitations.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court **OVERRULES** Plaintiff's objections (Docket No. 11) and **ADOPTS** the Report of the Magistrate Judge (Docket No. 10) as the opinion of the Court. The

3

decision of the Commissioner is **AFFIRMED,** and this cause of action is **DISMISSED** with prejudice.

**So ordered and signed on this**
**Jan 10, 2025**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

4